UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:13cv418 TCM |
| MASONRY CONCEPTS, INC., | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion for summary judgment [Doc. 12] filed against Defendant Masonry Concepts, Inc., (Defendant) for amounts it allegedly owes to Plaintiff Greater St. Louis Construction Laborers Welfare Fund ("Welfare Fund"), Plaintiff Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust"), Plaintiff St. Louis Vacation Fund - Vacation Plan ("Vacation Fund"), and Plaintiff AGC-Eastern Missouri Laborers' Joint Training Fund ("Training Fund") for allegedly unpaid contributions, liquidated damages allegedly resulting from the unpaid contributions, accountants' fees allegedly incurred in performing an audit of Defendant's records, and attorneys' fees allegedly incurred in pursuing this lawsuit. Defendant filed a brief in opposition to the

---

[1] This matter is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

The parties do not dispute, and this Court concludes, that this Court has jurisdiction over this proceeding pursuant to 29 U.S.C. §§ 1132(e) and 1132(f); 29 U.S.C. § 185(a); and 28 U.S.C. § 1331.

summary judgment motion, to which Plaintiffs[2] filed a reply. The parties also filed or responded to a statement of uncontroverted material facts and filed exhibits in support of their positions on the summary judgment motion. Upon careful consideration, the Court will deny the motion.

**Background**

Based on review of the parties' pleadings, as well as the parties' admissions regarding Plaintiffs' statement of uncontroverted material facts, and other undisputed evidentiary material, the record reveals the following undisputed facts.

Plaintiff Welfare Fund, Plaintiff Pension Trust, Plaintiff Vacation Fund, and Plaintiff Training Fund (collectively, Plaintiff Benefit Funds) are employee benefit plans within the meaning of Sections 3(1), 3(3), 502, and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1), 1002(3), and 1132. (Pls.' Statem. Uncontroverted Material Facts ¶ 1 [Doc. 13], as admitted in Def.'s Reply to Pls.' Statem. Uncontroverted Material Facts ¶ 1 [Doc. 17].) Plaintiff Unions are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), 2(5), 2(6), and 2(7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), 152(5), 152(6), and 152(7), and Section 301 of the Labor Management Relations Act

---

[2] Plaintiffs are the Welfare Fund and its twelve individual trustees, the Pension Trust and its twelve individual trustees, the Vacation Fund and its six individual trustees, the Training Fund and its twelve individual trustees, and Local Union Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO ("Unions"). The individual trustees are alleged to be fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. (Id. ¶ 2.) Defendant is a Missouri corporation in good standing. (Id. ¶ 3.)

Plaintiff Unions and Defendant are parties to a collective bargaining agreement ("Agreement"), which, in relevant part, requires Defendant to pay supplemental dues, make monthly fringe benefit contributions to the Plaintiff Benefit Funds, and contribute to the Mason Contractors Association and the Masonry Institute of Missouri on the basis of all hours worked by covered employees. (Id. ¶ 5.) That Agreement also requires Defendant to submit monthly contribution report forms by the 15th of the following month, and imposes twenty percent liquidated damages on delinquent contributions. (Id.) Additionally, if a lawsuit is filed to recover unpaid contributions and liquidated damages and results in such an award, then the parties' Agreement provides that Defendant shall pay interest, accounting fees, reasonable attorneys' fees, and costs. (Id. ¶ 6.) The Agreement further authorizes the Benefit Funds to examine Defendant's payroll and related records to determine whether the required contributions have been made. (Id. ¶ 8.)

Plaintiffs brought this action against Defendant under Section 301 of the LMRA, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, seeking a judgment against Defendant for equitable relief directing it to submit reports and make payments as required by the parties' Agreement. (Pls.' Compl. [Doc. 1].) Plaintiffs also seek monetary relief for Defendant's delinquent contributions and dues, for interest on those delinquent amounts, for liquidated damages based on those delinquent amounts, for reasonable attorney's fees and accounting fees, and for costs. (Id.) In particular,

Plaintiffs allege that they conducted a financial examination of Defendant's records for the period from March 1, 2009, through October 1, 2010, and found that Defendant had under-reported 1,036.50 hours during that period. (Id. at 4-5.) Plaintiffs request a monetary judgment in the amount of $18,828.25, consisting of $14,265.78 in untimely contributions, $3,640.88 in liquidated damages and $921.59 in interest for that period, plus $23,501.95, consisting of $18,786.66 in untimely contributions and $4,715.29 in liquidated damages, for August 2012. (Id.) Plaintiffs further seek an award of interest, costs, accounting fees, and reasonable attorneys' fees, as well as an order directing Defendant to submit reports and contributions due since August 2012, and requiring Defendant's compliance with the parties' Agreement. (Id. at 5-6.) Defendant denies liability. (Def'ts.' Answer [Doc. 4].)

By their summary judgment motion, Plaintiffs seek an award totaling $61,502.37, consisting of $14,265.78 in contributions; $41,508.15 in liquidated damages; $1,376.62 in interest through September 30, 2013; $2,227.50 in accounting fees; $1,720.00 in attorneys' fees; and $404.32 in court costs. (Pls.' Mem. Supp. Mot. Summ. J. [Doc. 14] at 4.) Defendant opposes the motion, urging there exists a genuine dispute of material fact in that it disagrees with the number of hours for which contributions are due and questions whether liquidated damages may be assessed under the circumstances and, if so, the amount of those damages. (Def't Mem. Opposition Pls.' Mot. Summ. J. [Doc. 15].)

## Discussion

Summary judgment standard. Rule 56(a) of the Federal Rules of Civil Procedure mandates the entry of summary judgment if "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

**MidAmerican Pension and Emp. Benefits Plans Admin. Comm. v. Cox**, 720 F.3d 715, 718 (8th Cir. 2013); see also **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986) (discussing prior Rule 56(c), the predecessor to Rule 56(a) of the Federal Rules of Civil Procedure).

> The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp.[,] 477 U.S. [at] 323 . . . . [The nonmovant then has the opportunity to identify specific portions of the record showing there is a genuine dispute of material fact. See Fed. R. Civ. P. 56(c)(1).] "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" Ricci v. DeStefano, [557 U.S. 557, 586] (2009), quoting Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 . . . (2000), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 . . . (1986). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 . . . (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci, [557 U.S. at 586], quoting Matsushita, 475 U.S. at 587.

**Torgerson v. City of Rochester**, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc) (first alteration in original). The existence of a factual dispute is not enough alone to avoid entry of summary judgment; "rather, the dispute must be outcome determinative under the applicable law." **Hammer v. City of Osage Beach, MO**, 318 F.3d 832, 837 (8th Cir. 2003) (citing Anderson, 477 U.S. at 248). "A party opposing a motion for summary judgment must

-5-

show that admissible evidence will be available at trial to establish a genuine issue of material fact." **Millon v. JPMorgan Chase Bank, N.A.**, 518 Fed. Appx. 491, 496 (8th Cir. 2013) (unpublished opinion) (internal quotation marks omitted) (quoting Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co., 49 F.3d 1334, 1337 (8th Cir. 1995)). "A dispute is genuine if the evidence is such that it could cause a reasonable [fact-finder] to return a verdict [or judgment] for either party; a fact is material if its resolution affects the outcome of the case." **Othman v. City of Country Club Hills**, 671 F.3d 672, 675 (8th Cir. 2012) (citing Anderson, 477 U.S. at 248).

Law Applicable to Request for Unpaid Contributions and Related Relief under the ERISA. The ERISA permits benefit plan trustees, such as Plaintiffs, to recover unpaid contributions to benefit plans and, when they are successful, interest on such contributions; an amount equal to that interest or to liquidated damages in an amount up to twenty percent of the unpaid contributions, whichever is greater; reasonable attorney's fees; and costs. 29 U.S.C. § 1132(g)(2). Additionally, if the litigation is successful, those fiduciaries may obtain other legal or equitable relief the Court deems appropriate. Id.

By their summary judgment motion, Plaintiffs first seek monetary relief totaling $19,238.28, for unpaid contributions during the period starting on March 1, 2009[3] and

---

[3] The only Agreement available of record is the Agreement effective from March 1, 2010, through February 28, 2014. See Ex. 1 attached to Aff. Kevin Schell [Doc. 12-3]. The Court will consider Plaintiffs' request for relief based on unpaid contributions prior to March 1, 2010, because Defendant does not contest the propriety of Plaintiffs seeking and obtaining relief prior to that date, and does not counter Schell's averment that Defendant "[a]t all relevant times . . . has been signatory to a collective bargaining agreement" with Plaintiff Unions. Aff. of Kevin Schell ¶ 2.

continuing through October 31, 2011. This request is based on an accountant's examination of Defendant's records that resulted in a determination that the total unpaid contributions, which consists of $14,265.78 in unpaid contributions for more than 900 hours of work by twelve identified individuals, plus $3,640.88 in liquidated damages and $1,376.62 in interest through September 13, 2013, related to those unpaid contributions, was due to Plaintiffs from Defendant. See Affidavit of John Massa, with attachment [Docs. 12-4 and 12-5]. Defendant challenged the accountant's assessment of the amount of unpaid contributions, through an affidavit of Defendant's President, Secretary and sole Director. See Affidavit of Debra A. Doering [Doc. 16].

Plaintiffs contend that their properly supported summary judgment motion may not be defeated by Defendant's "self-serving" affidavit, citing **Conolly v. Clark**, 457 F.3d 872, 876 (8th Cir. 2006). This Court is not persuaded that the "self-serving" nature of Defendant's affidavit is sufficient to permit entry of summary judgment in Plaintiffs' favor.

The United States Court of Appeals for the Eighth Circuit recently recognized that, while a litigant's own testimony is often self-serving, "the mere fact that [the litigant]'s factual testimony is favorable to [the litigant's] legal claim does not render it incompetent." **Argenyi v. Creighton Univ.**, 703 F.3d 441, 446 (8th Cir. 2013). Rather than rejecting a litigant's affidavit as "self-serving," the Eighth Circuit concluded the "affidavit must be considered, and its particular factual allegations scrutinized for 'independent documentary evidence' to support them.'" **Id.** (quoting O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995)). Here, the affidavit of Defendant's President, Secretary, and sole Director

is sufficient to support the existence of a genuine dispute of material fact precluding entry of summary judgment, due to the attached document disclosing that Defendant's audit of the relevant records pertaining to eleven of Defendant's employees revealed a different amount of hours for which Defendant had not paid contributions. Moreover, in reply to Defendant's response, Plaintiffs filed a second affidavit of the accountant who had reviewed Defendant's records. (See Second Aff. of John Massa [Doc. 19-2].) In that affidavit, the accountant averred he reviewed the information provided by Defendant in response to the audit, and disagreed with Defendant's position regarding the unpaid contributions. (Id.) Because the amount of unpaid contributions is a significant portion of the requested monetary judgment, and determines other items of relief, such as the amount of interest and liquidated damages, the Court concludes this dispute of fact is material and precludes entry of summary judgment in favor of Plaintiffs for the period from March 1, 2009, through October 31, 2011.

Additionally, Plaintiffs contend that paragraph seven of their statement of uncontroverted material facts, as supported by a table attached to the affidavit of Kevin Schell, establishes that Defendant submitted untimely contributions for the period from January 2012 through July 2013. Defendant, however, disputed, and did not admit, the information in that paragraph of Plaintiffs' statement of uncontroverted material facts; and no evidentiary material of record discloses either how the table provided by Plaintiffs was created or how that table should be interpreted. Without more, there is no undisputed evidentiary material available to establish the amount of unpaid contributions, if any, that is due from Defendant for that period of time.

Due to the affidavits disclosing a genuine dispute of material fact regarding the amount of unpaid contributions due from Defendant between March 1, 2009, and October 31, 2011, and the absence of evidentiary material supporting entry of judgment in favor of Plaintiffs for any subsequent period of time, the Court will deny Plaintiffs' motion for summary judgment.

**CONCLUSION**

Having found a genuine dispute of material fact, as well as an absence of evidentiary support for entry of a significant portion of the requested monetary relief, Plaintiffs' motion for summary judgment will be denied. This case remains set for non-jury trial on the docket commencing at 9:00 a.m. on Tuesday, May 27, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment [Doc. 12] is **DENIED**.

<pre>
                                        /s/Thomas C. Mummert, III
                                        THOMAS C. MUMMERT, III
                                        UNITED STATES MAGISTRATE JUDGE
</pre>

Dated this <u>24th</u> day of April, 2014.